**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, ex. rel. Dr. Martin Goulooze, Relator,<br><br>Plaintiff,<br><br>vs.<br><br>(1) Dr. Michael I. Levit, D.O.;<br>(2) Dr. Thomas Martens, D.O.;<br>(3) Hands on Multicare P.C.;<br>(4) American Multicare, LLC, dba Senior Smart Health Care,<br><br>Defendants. | No. CV 05-1011-PHX-JAT<br><br>**ORDER** |

Pending before the Court are Specially Appearing Defendants' Renewed Motion to Dismiss (Doc. # 33), Specially Appearing Defendants' Motion to Unseal Entire Court Record (Doc. # 34), Relator's Motion to Allow Enlargement of Time to Complete Service (Doc. # 37), and Specially Appearing Defendants' Motion to Strike Relator's "Summons Return Executed" Filed September 26, 2006 (Doc. # 51).

I.  FACTUAL BACKGROUND

On April 6, 2005, Dr. Martin Goulooze ("Relator") filed a Complaint seeking damages and injunctive relief under the False Claims Act ("FCA"), 31 U.S.C. § 3729, *et seq.* Pursuant


to Section 3730(b) of the FCA, the Complaint was filed under seal.[1] On March 20, 2006, the Court ordered Relator to serve Defendants with process by June 2, 2006. On June 2, 2006, Relator served process on Dr. Michael Levit, through his "registered agent" Eric C. Anderson, but Relator failed to serve Hands-On Multicare, Inc. ("Hands-On") or American Multi-Care, LLC ("American") by the deadline. On June 8, 2006, Relator filed an Amended Complaint.

On June 23, 2006, Defendants Dr. Levit, Hands-On and American ("Specially Appearing Defendants") filed a Special Appearance and Motion to Dismiss (Doc. # 19). Specially Appearing Defendants argued therein that the June 2, 2006, service on Dr. Levit was improper because Dr. Levit never appointed Mr. Anderson as his registered agent and otherwise never authorized Mr. Anderson to accept service of process on his behalf. Specially Appearing Defendants also argued that Relator failed to serve Hands-On and American with a copy of the Summons and the Complaint. However, on June 27, 2006, Relator did serve one copy of the original Complaint and a summons on "Hands On Multicare dba Smart HealthCare-American Multi-Care, LLC."

On July 17, 2006, Specially Appearing Defendants answered the original Complaint, but therein affirmatively alleged insufficient process and insufficient service of process pursuant to Rules 12(b)(4) and 12(b)(5) of the Federal Rules of Civil Procedure. In a July 18, 2006, ruling on Specially Appearing Defendants' motion to dismiss (Doc. # 19) and Relators' motions for extension of time to serve (Docs. ## 15, 22, and 23), the Court ordered Relator to properly serve the Specially Appearing Defendants by August 4, 2006 (Doc. # 30). Relator made unsuccessful attempts to serve Dr. Levit on July 20 and 26, 2006. On August 8, 2006, Specially Appearing Defendants filed their Renewed Motion to Dismiss (Doc. # 33), again seeking dismissal of Specially Appearing Defendants pursuant to Rules 12(b)(4) and 12(b)(5) of the Federal Rules of Civil Procedure. On or about August 15, 2006, Relator sent

---

[1] On July 18, 2006, because the United States failed to intervene in this action, the Court ordered the Complaint unsealed and the seal lifted as to all matters occurring thereafter.

1 to Specially Appearing Defendants a copy of the Amended Complaint. Finally, on
2 September 8, 2006, Relator served on American Multi-Care, LLC, a copy of the original
3 Complaint and a summons by certified mail.

4 II.     DISCUSSION

5     In their Renewed Motion to Dismiss (Doc. # 33), Specially Appearing Defendants
6 first argue that Dr. Levit should be dismissed pursuant to Rule 12(b)(5) of the Federal Rules
7 of Civil Procedure because Relator, on June 2, 2006, improperly served process upon Eric
8 C. Anderson who was not appointed as Dr. Levit's registered agent and who otherwise was
9 not authorized to accept service on Dr. Levit's behalf. Specially Appearing Defendants also
10 argue that Dr. Levit should be dismissed because despite the Court's July 18, 2006, Order
11 allowing Relator until August 4, 2006, to properly serve Dr. Levit, Relator failed to do so.
12 The Court agrees.

13     The record shows that, on June 2, 2006, Eric C. Anderson accepted service of process
14 on behalf of Dr. Levit. The affidavit of the process server, Kelly J. Curtis, indicates that Mr.
15 Anderson simply said that "he would accept service Dr. Michael I. Levit [sic]." However,
16 Dr. Levit, in his own affidavit, states that he never appointed Mr. Anderson as his registered
17 agent and did not authorize Mr. Anderson to accept service of the Complaint and summons
18 on his behalf. Even if Mr. Anderson's statement to Mr. Curtis can be construed as a
19 representation of agency, Arizona law provides that agency cannot be proven by the acts or
20 declarations of the purported agent. *Cameron v. Lanier*, 108 P.2d 579, 580 (Ariz. 1940).
21 Instead, Relator "must prove affirmatively the authority" of Mr. Anderson to accept service
22 on behalf of Dr. Levit, by either showing direct authority or implied authority. *Id*.
23 Considering Dr. Levit's uncontroverted affidavit, Relator has failed to show that Mr.
24 Anderson had direct or implied authority to accept the June 2, 2006, service.

25     The record also show that after the Court gave Relator until August 4, 2006, to
26 properly serve Dr. Levit, Relator attempted to serve Dr. Levit on July 20 and 26, 2006. The
27 affidavit of the process server, Jonathan S. Curtis, indicates that service was attempted at Dr.
28 Levit's home, but access to the home was blocked by a security gate and no activity was seen

1  in or around the home on either date. While this led Relator to summarily conclude that Dr.
2  Levit was evading service, the Court disagrees. Specifically, the Court finds that two failed
3  service attempts are insufficient to show that Dr. Levit was evading service, especially
4  considering Dr. Levit's affidavit stating he was on vacation outside of the State of Arizona
5  at the time of the two service attempts. Further, Relator has offered no reason why he failed
6  to make any other attempts to serve Dr. Levit, either at home or work, before August 4, 2006,
7  and why he failed to request that Dr. Levit waive service of process pursuant to Rule 4(d) of
8  the Federal Rules of Civil Procedure.[2] Accordingly, pursuant to Rule 12(b)(5) of the Federal
9  Rules of Civil Procedure, and because Relator has failed to show good cause for his failure
10 to properly serve Dr. Levit under Rule 4(e) of the Federal Rules of Civil Procedure despite
11 additional time to do so, the Court will dismiss Dr. Levit without prejudice.[3]

12       Next, the Court will dismiss Hands-On without prejudice pursuant to Rule 12(b)(5)
13 of the Federal Rules of Civil Procedure because the June 27, 2006, service made on Hands-
14 On was of the original Complaint, not the Amended Complaint filed on June 8, 2006. An
15 amended complaint supersedes the original complaint. *Hal Roach Studios, Inc. v. Richard*
16 *Feiner and Company, Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1990). Thus, when Relator served
17 Hands-On with the original Complaint on June 27, 2006, almost three weeks after filing the
18 Amended Complaint, Relator served a superseded complaint, not the controlling complaint.
19 As the court held in *Phillips v. Murchison*, 195 F.Supp. 620, 621 (S.D.N.Y. 1961), "serving
20 a superseded complaint with the summons [is] not a proper service of process." *See also*

---

[2] In fact, Relator concedes in the August 30, 2006, Joint Proposed Case Management Plan that Dr. Levit had not been served with process.

[3] As for Relator's argument that Dr. Levit waived his right to object to insufficiency of service of process under Rule 12(b)(5) because he filed an Answer to the Complaint, the Court notes that Dr. Levit, in his Answer, affirmatively alleged insufficient process under Rule 12(b)(4) and insufficient service of process under Rule 12(b)(5). Thus, the Court finds that Dr. Levit properly preserved the defenses under Rule 12(h)(1). And, because the Answer preserving the defenses also was filed on behalf of Hands-On and American, the same analysis and conclusion applies to those two defendants.

*West Coast Theater Corp. v. City of Portland*, 897 F.2d 1519, 1529 (9th Cir. 1990) (Rule 4 of the Federal Rules of Civil Procedure requires service of the filed complaint); *Gilles v. United States*, 906 F.2d 1386, 1390 (10th Cir. 1990) (Where an amended pleading supersedes the original complaint, subsequent service of the superseded original complaint is improper.); 62B A.Jr.2d Process § 140 ("If an amended complaint is filed before service has been effected, the service of the original complaint is not sufficient, because that complaint has been superseded.").[4] Accordingly, pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure, and because Relator has failed to show good cause for his failure to properly serve Hands-On under Rule 4(h) of the Federal Rules of Civil Procedure despite additional time to do so, the Court will dismiss Hands-On without prejudice.

Finally, the Court will dismiss American without prejudice pursuant to Rules 12(b)(4) and 12(b)(5) of the Federal Rules of Civil Procedure. First, the June 27, 2006, service

---

[4] *But see Doe v. Unocal Corp.*, 27 F.Supp.2d 1174, 1180 (C.D.Cal. 1998), concluding that the original complaint is only superseded when the amended complaint is properly served, not when filed. Thus, the *Doe* court held that service of an original complaint, after the filing of an amended complaint, was proper. For a number of reasons, the Court rejects *Doe*. First, the Court finds unpersuasive the rationale for the *Doe* court's conclusion, that otherwise the case would be in a state of suspended animation pending service of the amended complaint, because absent service of the original complaint as here the case already is in a state of suspended animation. Second, the Court is confused by the *Doe* court's contradictory ruling that "[o]nce plaintiffs served [defendant] with the original complaint . . . that complaint was immediately superseded by the First Amended Complaint." *Id.* at 1180. If an amended complaint does not supersede the original complaint until the amended complaint is served, then how can service of the original complaint trigger the efficacy of the amended complaint and the supersedure of the original complaint? Third, the plaintiffs in the *Doe* case were farmers from the Tenasserim region of Burma and had to serve a defendant under the Hague Convention. The time issues involved in effecting service under the Hague Convention, which resulted in the amended complaint being filed prior to service of the original complaint, are not present in the instant case. Finally, the Second Circuit case that the *Doe* court relied upon, *International Controls Corp. v. Vesco*, 556 F.2d 665 (2nd Cir. 1977), is factually distinguishable because, unlike in *Doe* and in the instant case, the original complaint in *Vesco* was served before the amended complaint was filed. In fact, the *Vesco* court recognized the import of such a factual distinction on its contrary conclusion by distinguishing *Phillips v. Murchison*, 195 F.Supp. 620 (S.D.N.Y. 1961). *See Vesco*, 556 F.2d at 669 n.4. For all these reasons, the Court rejects *Doe*.

directed to "Hands On Multicare dba Smart HealthCare-American Multi-Care, LLC" was insufficient as to American because the summons was not directed to American and American was not served with its own copy of the Complaint, as required by Rules 4(a), 4(b), and 4(c)(1) of the Federal Rules of Civil Procedure. In fact, Relator recognized the insufficiency of the service on American by conceding in the August 30, 2006, Joint Proposed Case Management Plan that American had not been served with process.[5] Second, the September 8, 2006, service on American Multi-Care, LLC, was insufficient because it was effected via certified mail. Relator has cited no rule allowing service on American via certified mail under the circumstances of this case and, indeed, there is none. Further, even if the September 8, 2006, service was otherwise proper, Relator again delivered a copy of the original Complaint, not the Amended Complaint, thus rendering the service insufficient as discussed above. Accordingly, pursuant to Rules 12(b)(4) and 12(b)(5) of the Federal Rules of Civil Procedure, and because Relator has failed to show good cause for his failure to properly serve American under Rule 4(h) of the Federal Rules of Civil Procedure despite additional time to do so, the Court will dismiss American without prejudice.

Because the Court will dismiss Dr. Levit, Hands-On and American without prejudice, their Motion to Unseal Entire Court Record (Doc. # 34) will be denied as moot. Further, Relator's Motion to Allow Enlargement of Time to Complete Service (Doc. # 37) also will be denied as moot. Finally, Specially Appearing Defendants' Motion to Strike Relator's "Summons Return Executed" Filed September 26, 2006 (Doc. # 51), which summons actually was withdrawn by Relator, will be denied as moot.

---

[5] Even if the service was otherwise proper as to American, Relator's June 27, 2006, service of the original Complaint, instead of the Amended Complaint, renders the service insufficient.

- 6 -

## III. CONCLUSION

Based on the foregoing,

**IT IS ORDERED** that Specially Appearing Defendants' Renewed Motion to Dismiss (Doc. # 33) is GRANTED and Dr. Michael Levit, Hands-On Multicare, Inc. and American Multi-Care, LLC, are dismissed without prejudice;

**IT IS FURTHER ORDERED** that Specially Appearing Defendants' Motion to Unseal Entire Court Record (Doc. # 34) is DENIED as moot;

**IT IS FURTHER ORDERED** that Relator's Motion to Allow Enlargement of Time to Complete Service (Doc. # 37) is DENIED as moot; and

**IT IS FURTHER ORDERED** that Specially Appearing Defendants' Motion to Strike Relator's "Summons Return Executed" Filed September 26, 2006 (Doc. # 51) is DENIED as moot.

DATED this 24th day of October, 2006.

*/s/ James A. Teilborg*
James A. Teilborg
United States District Judge